UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARMAMENT SYSTEMS AND PROCEDURES,
INC.,

        Plaintiff,

v.                                                                      Case No. 01-C-1122

NORTHLAND FISHING TACKLE, INC.,

        Defendant,

v.

THE CINCINNATI INSURANCE COMPANY

        Third-Party Defendant.

**ORDER**

In my decision and order granting partial relief to Northland under Rule 11, I ordered Northland to submit a statement of its reasonable attorney's fees incurred in litigating certain aspects of this case: "The coverage defenses or exclusions set forth in Cincinnati's Counterclaim at ¶ 10, subparagraphs g, i(iii), s and w are struck. . . . Northland is awarded that portion of its costs and attorney's fees attributable to litigating these defenses to coverage." (December 29, 2005 Decision and Order at 8-9.)

At worst, this dispute was a minor one that got out of hand: it was preliminary to the merits of the lawsuit and seemed to be motivated as much by counsel's intransigence as it was by the substantive nature of the arguments raised. I did, however, sympathize with Northland's attempts to parse and defend against Cincinnati's somewhat obtuse answer, and for that reason I granted

partial relief. In no way, however, did I anticipate that Northland would request some $28,517.90 in costs and fees. That amount seems exorbitant on its face and, as Cincinnati points out, is the sort of figure one associates with fees granted at the close of a lawsuit rather than those generated by a discovery dispute.

Northland's fees are based largely on the filing of its Rule 11 motion and briefs. It categorizes its fees based on whether they were incurred in advance of the Rule 11 motion, in support of that motion, or in preparation of the post-motion statement of fees itself. In any event, I will decline to become involved in the detailed fee analysis Northland proposes. At some point in proceedings under Rule 11, the sanction intended to be imposed on a party becomes imposed jointly upon the court and the public. Although sometimes unavoidable, it is not generally a productive use of a federal court's time to become embroiled in issues related to the billing rates of partners and paralegals or disputes about whether certain legal work was justified. Other criminal and civil litigants demand attention to their cases, and they, as well as the public, should not be asked to wait while district courts attempt to sort out such disputes. For this and other reasons, courts have noted that an excessive fee request can be denied on the grounds of excess even if fees are otherwise justified. "When an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award." *Budget Rent-A-Car System, Inc. v. Consolidated Equity LLC,* 428 F.3d 717, 718 (7th Cir. 2005).

In addition, I am also mindful that Rule 11 sanctions are limited to an amount "sufficient to deter repetition of such conduct or comparable conduct." Fed. R. Civ. P. 11(c)(2). The figure proposed by Northland far outstrips that requirement, which is another reason I will decline to

2

calculate the entirety of their fees in the manner it suggests. Instead, I conclude, based on the nature of this case and the situation of the parties, that an award of $2000 should suffice as a deterrent to similar conduct in the future. Especially when one considers the numerous hours incurred by Cincinnati's counsel in defending first against the Rule 11 motion and then against the fee amount proposed by Northland, it seems clear that repetition of such conduct will adequately be deterred.

Accordingly, IT IS ORDERED THAT counsel for Cincinnati Insurance Company pay $2000.00 to Northland Fishing Tackle within 10 days of the date of this order.

Dated this  22nd  day of February, 2006.

    /s William C. Griesbach
William C. Griesbach
United States District Judge